NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DUANE ROSE, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 06-cv-3006(DMC) |
|  | : |  |
| AFTER SIX, INC. MEN'S APPAREL | : |  |
| GROUP and SEQUA CORPORATION, | : |  |
| ENDICOTT JOHNSON SHOE CO. d/b/a | : |  |
| BARCLAY SHOES, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants After Six, Inc. ("After Six") and Sequa Corporation ("Sequa") for summary judgment pursuant to Rule 56(c).  This action was removed from the Superior Court of New Jersey, Morris County to this Court on June 30, 2006 pursuant to 28 U.S.C.A. §1441.  Defendant Men's Apparel Group ("Men's Apparel") changed its name to After Six, Inc. and Defendant Endicott Johnson Shoe Co. d/b/a Barclay Shoes ("Endicott Johnson") filed a Notice of Dissolution on December 4, 1997; there is no evidence that these named Defendants have been served, and as such, claims against Defendants Men's Apparel and Endicott Johnson are dismissed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants After Six and Sequa's motion for summary judgment is **granted.**

I.     **BACKGROUND**[1]

This case arises out of alleged wrongful termination of Plaintiff Duane Rose ("Plaintiff") from his position as an outside sales representative for After Six, a subsidiary of Sequa.  In his complaint, Plaintiff alleges that as a result of this alleged wrongful discharge, he is entitled to commissions never paid and to employment benefits never received and claims that his loss of income, damage to his reputation, and After Six's unjust enrichment, totals in excess of $1 million. (Complaint, generally).

Plaintiff began his employment with After Six in 1989 as a sales executive in the company's New York office. In the fall of 1992, Plaintiff became an outside sales representative ("the transition"), requiring Plaintiff to sell After Six's products on a commission basis within a defined territory.  As a result of the transition, Plaintiff generated income through a 5% commission rate of gross sales and he received no benefits, no salary and no expense account.  At the time of the transition, After Six stopped deducting Plaintiff's taxes out from his paycheck and gave him a Form 1099 to file each year and he was notified that he was responsible for his quarterly taxes. Plaintiff was converted from a salaried employee to an independent contractor; Plaintiff maintains that he retained his employee status, but this Court finds this assertion unpersuasive. Plaintiff admits that after the transition, he inquired of his accountant what these changes signified and his accountant responded that he had become an independent contractor.  During this time, After Six provided an office for Plaintiff in Hackensack, New Jersey, which Plaintiff used when he was not traveling for business. Plaintiff was required to attend trade shows and sales meetings approximately three times per year. Plaintiff was prohibited from selling competitors' products within his sales territory, but was permitted to sell competitors' products outside his sales territory.

---

[1]Unless otherwise noted, the facts set forth in this Opinion are taken from the Statements of Material Facts in Defendants' motion for summary judgment and Plaintiff's opposition thereto.

Starting in July 1997, Plaintiff signed an Independent Sales Representative Agreement ("Agreement") each year until the last Agreement expired in 2002. That agreement outlined his employment terms, sales territory, rate of pay and designation as an Independent Contractor. These Agreements were prepared by After Six. In April 2004, the president of After Six telephoned Plaintiff to tell him that he was being let go. Soon after, Plaintiff learned that Morris Zucker, another sales representative, was also let go and both were replaced by Tim Moore, previously employed by one of After Six's largest accounts. Both Plaintiff and Mr. Zucker believe that they were replaced by Mr. Moore because After Six sought to generate more business from the large account.

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against

the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**III.    DISCUSSION**

After carefully reviewing the papers submitted by the parties, this Court finds that summary judgment is **granted** in favor of Defendants After Six and Sequa as there are no issues of material fact and Defendants are entitled to judgment as a matter of law because Plaintiff was employed on an at will basis and could be discharged with or without cause, absent an employment contract stating otherwise. Further, Plaintiff is owed no commissions as this Court will enforce Plaintiff's Sales Commission Agreement as written and this agreement states that Defendants are permitted to charge back Plaintiff for bad debt. (Ex. C, attached to the Certification of Ellen W. Smith ("Ex.C"), Art. 2, part (b)).  Plaintiff simply disagrees with Defendants in that they charged Plaintiff back for commissions earned when certain customers could not pay their bills because they went bankrupt. (Defs.' Br. pp. 16-17).  Based on this same Agreement, Plaintiff is not entitled to unjust enrichment proceeds from the alleged commission he is owed because the very existence of the agreement covering his commission expropriates recovery on an equity basis.

After reviewing the parties' submissions and exhibits attached thereto, this Court finds that Plaintiff was an independent contractor.  The plain reading of the Agreement explicitly states that as of August 1, 1997, Plaintiff Duane Rose is an Independent Contractor and not an employee. (Ex. C). Contract terms are to be given their plain and ordinary meaning.  M.J. Paquet, Inc. v. N.J. Dep't of

Transp., 71 N.J. 378, 396 (2002). Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written. Karl's Sales & Serv. v. Gimbel Bros., Inc. 249 N.J. Super. 487, 493 (App. Div. 1991).   Plaintiff, in opposition to Defendants' motion for summary judgment, urges the Court to conduct an analysis under Carpet Remnant Warehouse v. Dept. of Labor, 165 N.J. 567 (1991) to determine whether Plaintiff was an employee or an independent contractor. (Pl.'s Br. pp. 7-9).   This Court finds that since the contract language is clear in classifying Plaintiff as an independent contractor, no such analysis in necessary.

Plaintiff argues that since he was an employee, that he was entitled to health benefits, pension/retirement benefits and life insurance coverage. Plaintiff claims that since he received these employment benefits when he was a salaried employee, that he should have continued to receive these benefits when his position changed. (Pl.'s Br. p. 10). This argument has no merit since this Court has found that Plaintiff became an independent contractor and ceased to be an employee as a result of the transition, as evidenced by the Agreement.  As such, Plaintiff was not entitled to any employment benefits since he became an independent contractor in 1992.   Further, even if Plaintiff  were characterized as an employee, his employer was not required to provide him with the same employee benefits he received as a sales executive, nor was his employer required to provide him with employee benefits at all. See Shaw v. Delta Air Lines, Inc. 463 U.S. 85, 91 (1983); Bauer v. Summit Bancorp, 325 F.3d 155, 159 (3d Cir. 2003).  As an independent contractor, Defendants owed no employment benefits to Plaintiff.

As Defendants point out in their reply, for the purposes of the present motion, even if Plaintiff

retained his employment status, which he did not, Plaintiff cannot establish that he was illegally discharged. (Defs.' Reply, p. 1). Plaintiff had an "at will" relationship with Defendants and no contract existed during this relationship that provided Plaintiff with job security. Therefore, Defendants were permitted to discharge Plaintiff with or without cause. It is important to note that the Agreement, while providing Plaintiff with the Independent Contractor title and his commission basis, does not provide Plaintiff with job security. Plaintiff incorrectly asserts that "Defendants cannot have it both ways. Either there is a contract between the parties or there is no contract between the parties." (Pl.'s Br. p. 14). Defendants point out that they are not attempting to "have it both ways" but that rather, there is a contract between the parties (the Agreement) governing commission and job title, but that the Agreement does not restrict Defendants to only firing Plaintiff for cause. (Defs.' Reply, pp. 2-4).

Plaintiff asserts that Defendants breached the covenant of good faith and fair dealing by firing him without cause, but case law in this district demonstrates that the implied covenant of good faith and fair dealing does not prohibit employers from firing at will employees and/or independent contractors. See Scudder v. Media Gen., Inc. 1995 WL 495945 at 6 (D.N.J. 1995). Because Plaintiff had an engagement on an at will basis with Defendants, Defendants did not breach the covenant of good faith and fair dealing by terminating their relationship without cause.

Plaintiff also claims that he is entitled to reimbursement from Defendants for the taxes he paid to the government because Defendants were obligated to make these payments on his behalf pursuant to Federal Insurance Contributions Act ("FICA"). Plaintiff notes that he is not seeking a private right of action under FICA. (Pl.'s Br. pp. 12-13). FICA Contributions must be made by employers on

behalf of their employees and Plaintiff is alleging that since he made these contributions instead of Defendants, that he is entitled to the money he expended in making these payments. As Defendants correctly assert, independent contractors, like Plaintiff, incur greater tax liability because they must also pay employer's matching FICA contribution, which employers pay on behalf of their salaried employees. (Defs.' Br. p. 14).  See also, McDonald v. Southern Farm Bureau Life Ins. Co., 291 F.3d 718, 721 (11th Cir. 2002). Plaintiff claims he is entitled to the money he paid in FICA contributions because he was not an independent contractor, but an employee.  As this Court stated above, Plaintiff clearly became an independent contractor at the time of the transition and because of this status, he was required to make these tax payments, not Defendants.

Plaintiff became an independent contractor at the time of the transition and as such, had no entitlement to employee benefits.  Plaintiff was employed on an at will basis and could be discharged with or without cause, absent an employment contract stating otherwise. Plaintiff is owed no commissions and Plaintiff is not entitled to a return of the money he expended in FICA contributions.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.   An appropriate Order accompanies this Opinion.


                                         S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Date:          April  17 , 2008
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File